IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEARNS BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GARTH ERROL MCGILLEWIE, JR., <br><br> Defendant. | **COMPLAINT** <br><br> Case No.: 3:23-cv-362 |

Stearns Bank National Association ("**Stearns Bank**" or "**Stearns**") files this action to obtain a judgment against the Defendant Garth Errol McGillewie, Jr. ("**Defendant**"), alleging as follows:

## NATURE OF THE ACTION

1. This is an action for damages incurred by Stearns as a result of Defendant Garth McGillewie, Jr.'s breach of guarantee agreements related to obligations of Defendant's company, Stateline Rentals, LLC ("**Stateline**") pursuant to equipment finance agreements. To date, Stearns Bank's damages exceed $3,000,000, plus costs and attorneys' fees, which are recoverable under the express terms of the agreements, and which are continuing to accrue.

## THE PARTIES

2. Stearns Bank is a federally chartered bank with principal offices in St. Cloud, Minnesota. Minnesota is also the state designated in its articles of association as its main office.

3. Defendant is a resident of Union County, North Carolina.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship among the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue in the United States District Court for the Western District of North Carolina is proper pursuant to 29 U.S.C. § 1391(b)(1).

**THE RELEVANT AGREEMENTS AND FACTUAL BACKGROUND**

**I.    The 001 Contract**

1. On May 12, 2022, Stateline Rentals, by its authorized agent, Defendant, executed and delivered to Stearns Bank an Equipment Finance Agreement (the "**001 Contract**") promising to pay Stearns the total sum of $1,988,378.88 (the "**001 Loan**"). A true and correct copy of the 001 Contract is attached as Exhibit "**A**" hereto and is incorporated herein by reference.

2. Under the terms of the 001 Contract, the Payment Amount Schedule (the "**001 Payment Schedule**") and the Delivery and Acceptance Certification (the "**001 Certificate**"), Stateline Rentals agreed to make 48 monthly installment payments to Stearns of $47,228.97 commencing on June 20, 2022. A true and correct copy of the 001 Payment Schedule and 001 Certificate are attached as Exhibit "**B**" hereto and incorporated herein by reference.

3. Stateline Rentals used the 001 Loan for the purchase of certain equipment or machinery as identified and described in that certain Equipment Schedule dated May 12, 2022 (the "**001 Equipment Schedule**"). The 001 Equipment Schedule is attached as Exhibit "**C**" hereto and incorporated herein by reference.

4. To secure the amounts due to Stearns under the 001 Contract, Stateline Rentals, through its authorized agent, Defendant, executed and delivered to Stearns a Security Agreement

dated May 12, 2022 (the "**001 Security Agreement**") granting Stearns a first priority security interest in and to fifteen (15) "Merlo P 120.10 HM Telehandlers with attachments," which are identified and described in the 001 Equipment Schedule (the "**001 Collateral**"). A true and correct copy of the 001 Security Agreement is attached as Exhibit "**D**" hereto and is incorporated herein by reference.

5. To perfect its interests in the 001 Collateral, Stearns recorded a UCC-1 financing statement with the South Carolina Secretary of State on May 18, 2022 as Document No. 220518-1625213 (the "**001 Financing Statement**"). A true and correct copy of the 001 Financing Statement is attached as Exhibit "**E**" hereto and incorporated herein by reference.

6. Defendant and, another company owned by Defendant, Applied Machinery Rentals, LLC ("**Applied**;" together with Defendant, the **"Guarantors"**), each executed and delivered to Stearns unconditional personal guarantees absolutely and unconditionally guaranteeing "all payments and other obligations" of Stateline Rentals under, related to, and arising from the 001 Contract (the "**001 Guarantee**") (*See* Exh. A at p. 2).

7. The 001 Contract provides that a "default" will occur under the terms of the 001 Contract if, among other things, Stateline Rentals fails to pay Stearns as agreed; or Stateline Rentals fails to perform its obligations under the 001 Contract or under any other agreement with Stearns. (*See id.* at p. 1, ¶ 10).

8. Upon a default of the terms of the 001 Contract, all amounts due and payable under the 001 Contract, including all uncollected finance charges, are deemed "accelerated and become immediately due and payable," and, without notice of any kind to Stateline Rentals or to the Guarantors, Stearns may immediately exercise any right or remedy available under the 001

Contract or at law; seek recovery against the guarantors; and/or repossess the 001 Collateral. (*See id.*).

9. Pursuant to the terms of the 001 Contract, Stateline Rentals and the Guarantors, including Defendant, are responsible for Stearns Bank's attorney fees and other related collection costs incurred in connection with enforcement of the 001 Contract. (*See id.*).

## II. The 002 Contract

10. On June 1, 2022, Stateline Rentals, by its authorized agent, Defendant executed and delivered to Stearns Bank an Equipment Finance Agreement (the "**002 Contract**") promising to pay Stearns the total sum of $2,260,846.72 (the "**002 Loan**"). A true and correct copy of the 002 Contract is attached as Exhibit "**F**" hereto and incorporated herein by reference.

11. Under the terms of the 002 Contract, the Payment Amount Schedule (the "**002 Payment Schedule**"), and the Delivery and Acceptance Certificate (the "**002 Certificate**"), Stateline Rentals agreed to make 48 consecutive monthly installment payments to Stearns of $53,876.94 commencing on July 1, 2022. A true and correct copy of the 002 Payment Schedule and 002 Certificate are attached as Exhibit "**G**" hereto and incorporated herein by reference.

12. Stateline Rentals used the 002 Loan for the purchase of certain machinery or equipment as identified and described in that certain Equipment Schedule dated June 1, 2022 (the "**002 Equipment Schedule**"). The 002 Equipment Schedule is attached as Exhibit "**H**" hereto and incorporated herein by reference.

13. To secure the amounts due to Stearns under the 002 Contract, Stateline Rentals, through Defendant, executed and delivered to Stearns a Security Agreement dated June 1, 2022 (the "**002 Security Agreement**") granting Stearns a first priority security interest in and to eleven (11) "Merlo Telescopic Handlers with attachments," which are identified and described in the 002

4

Case 3:23-cv-00362-FDW-SCR   Document 1   Filed 06/16/23   Page 4 of 9

Equipment Schedule (the "**002 Collateral**"). A true and correct copy of the 002 Security Agreement is attached as Exhibit "**I**" hereto and incorporated herein by reference.

14. To perfect its interests in the 002 Collateral, Stearns recorded a UCC-1 financing statement with the South Carolina Secretary of State on June 6, 2022 as Document No. 220606-1155426 (the "**002 Financing Statement**"). A true and correct copy of the 002 Financing Statement is attached as Exhibit "**J**" hereto and incorporated herein by reference.

15. The Guarantors each executed and delivered to Stearns unconditional personal guarantees absolutely and unconditionally guaranteeing "all payments and other obligations" of Stateline Rentals under, related to, and arising from the 002 Contract (the "**002 Guarantee**") (*See* Ex. F, at p. 2).

16. On June 3, 2022, Stearns, Stateline, Applied, and Defendant executed and entered into a Change in Terms Agreement (the "**Change in Terms Agreement**") whereby the parties agreed to make certain adjustments to the 002 Equipment Schedule. The Change in Terms Agreement is attached as Exhibit "**K**" hereto and incorporated herein by reference.

17. The 002 Contract provides that a "default" will occur under the terms of the 002 Contract if, among other things, Stateline Rentals fails to pay Stearns as agreed; or Stateline Rentals fails to perform its obligations under the 002 Contract or under any other agreement with Stearns. (*See* Ex. F, p. 1, ¶ 10).

18. Upon a default of the terms of the 002 Contract, all amounts due and payable under the 002 Contract, including all uncollected finance charges, are deemed "accelerated and become immediately due and payable," and, without notice of any kind to Stateline Rentals or the Guarantors, Stearns may immediately exercise any right or remedy available under the 002

5

Contract or at law; seek recovery against the Guarantors; and/or repossess the 002 Collateral. (*See id.*).

19. Pursuant to the terms of the 002 Contract, Stateline Rentals and the Guarantors, including Defendant, are each responsible for Stearns Bank's attorney fees and other related collection costs incurred in connection with enforcement of the 002 Contract. (*See id.*).

### III. Stateline Rentals and the Guarantors Default.

20. Stateline Rentals is in default of its obligations under the 001 and 002 Contract (collectively, the "**Contracts**") due to, among other things, its failure to remit full and timely installment payments to Stearns as required by Contracts.

21. Although not required to do so under the terms of the Contracts, Stearns sent Defendant, Stateline Rentals, and Applied a Notice of Default and Opportunity to Cure on May 12, 2023 (the "**Notice of Default**") and provided Defendant, Stateline Rental, and Applied seven (7) days to cure the monetary default associated with the 002 Contract. A true and correct copy of the Notice of Default is attached is attached as Exhibit "**L**" hereto and incorporated herein by reference.

22. Neither Stateline Rentals, Applied, nor Defendant cured the payment default as required by the Notice of Default, and further, Stateline Rentals failed to make the May 20, 2023 installment payment due to Stearns in connection with the 001 Contract. As a result, Stearns accelerated the Loans on May 25, 2023. A true and correct copy of the Notice of Default and Acceleration Notice (the "**Acceleration Notice**") is attached as Exhibit "**M**" hereto and incorporated herein by reference.

23. Defendant has not remitted to Stearns the total accelerated indebtedness due under the 001 Guarantee and the 002 Guarantee.

6

Case 3:23-cv-00362-FDW-SCR   Document 1   Filed 06/16/23   Page 6 of 9

## COUNT I
### *Breach of 001 Guarantee against Garth E. McGillewie Jr.*

24. Stearns Bank repeats and realleges the allegations set forth in paragraphs 1 through 23 above as if fully set forth and repeated herein.

25. The 001 Guarantee is a valid and binding contract entered into upon the mutual consent of Stearns Bank and the Guarantors, including Defendant.

26. Since Guarantors executed the 001 Guarantee, the 001 Guarantee has been in full force and effect, and Stearns Bank has not materially breached any of its obligations thereunder.

27. Defendant is in default of his obligations under the 001 Guarantee by failing to (a) make the May 20, 2023 installment payment due to Stearns under the 001 Contract and corresponding loan documents; and (2) pay the entire accelerated balance of the 001 Loan to Stearns as set forth in the Acceleration Letter (the "**001 Defaults**"). Despite Stearns Bank's notifications, demands, and opportunities to Defendant to cure the 001 Defaults, Defendant has not cured the 001 Defaults.

28. Defendant's failure to timely make required payments to Stearns under the 001 Guarantee constitutes a breach of the 001 Guarantee.

29. As a direct and proximate result of Defendant's failure to perform in accordance with the 001 Guarantee, Stearns has suffered, and will continue to suffer, damages in an amount to be proven at trial.

30. As of June 14, 2023, the total amount due and owing to Stearns under the 001 Guarantee is $1,759,911.66$3,818,841 plus Stearns Bank's attorney fees and other costs, which will continue to accrue until the 001 Loan is paid in full.

## COUNT II
### *Breach of 002 Guarantee against Garth E. McGillewie Jr.*

31. Stearns Bank repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if fully set forth and repeated herein.

32. The 002 Guarantee is a valid and binding contract entered into upon the mutual consent of Stearns Bank and the Guarantors, including Defendant.

33. Since the Guarantors executed the 002 Guarantee, the 002 Guarantee has been in full force and effect, and Stearns Bank has not materially breached any of its obligations thereunder.

34. Defendant is in default of his obligations under the 002 Guarantee by failing to (a) make the May 1, 2023 and June 1, 2023 installment payment due to Stearns under the 002 Contract and corresponding loan documents; and (2) pay the entire accelerated balance of the 002 Loan to Stearns as set forth in the Acceleration Letter (the "**002 Defaults**"). Despite Stearns Bank's notifications, demands, and opportunities to Defendant to cure the 002 Defaults, Defendant has not cured the 002 Defaults.

35. Defendant's failure to timely make required payments to Stearns under the 002 Guarantee constitutes a breach of the 002 Guarantee.

36. As a direct and proximate result of Defendant's failure to perform in accordance with the 002 Guarantee, Stearns has suffered, and will continue to suffer, damages in an amount to be proven at trial.

37. As of June 14, 2023, the total amount due and owing to Stearns under the 002 Guarantee is $2,058,929.11 plus Stearns Bank's attorney fees and other costs, which will continue to accrue until the 002 Loan is paid in full.

**WHEREFORE,** Plaintiff Stearns Bank, N.A. prays that this Court enter an Order and Judgment as follows:

1. Awarding Plaintiff damages resulting from Defendant Garth E. McGillewie, Jr.'s wrongful breach of the 001 Guarantee and the 002 Guarantee;

2. Awarding Plaintiff its reasonable attorneys' fees and costs as allowed by law; and

3. Awarding Plaintiff such other and further relief as may be deemed just and proper.

Dated: June 16, 2023

*/s/ Dana C. Lumsden*
Dana C. Lumsden, Esq.[NC Bar No. 32497]
Jonathan E. Schulz, Esq. [NC Bar No. 47285]
Lyndsay E. Medlin, Esq. [NC Bar No. 49403]
BRADLEY ARANT BOULT CUMMINGS LLP
Truist Center, 214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Tel: 704.338.6034
Fax: 704.332.8858
dlumsden@bradley.com
jschulz@bradley.com
lmedlin@bradley.com

COUNSEL for the PLAINTIFF
STEARNS BANK, N.A.